CAROLINE W. HILES

*v.*

CAROLINE C. GARRISON et al.

[Decided January 24th, 1906.]

1. A testator provided that his property should be "put in a trust," and that the income should be equally divided between his brother, sister and widow as long as the widow remained unmarried, and in case of her death or marriage her share should go to the brother and sister without making any disposition of the *corpus* or conferring power of sale.—*Held*, to create a trust to continue during the widowhood or life of the widow, and on her death or remarriage the *corpus* of the estate passed to testator's next of kin as intestate property.

2. On the failure of a testator to name a trustee the court will appoint one to carry out the trusts created by the will.

On bill for construction of will and appointment of trustee.

*Mr. William T. Hilliard,* for the complainant.

*Mr. Thomas G. Hilliard,* for the defendants.

BERGEN, V. C.

The bill in this case is filed by the complainant, widow of Richard Hiles, deceased, for the construction of his last will and testament, and the appointment of a trustee to execute such trusts as may be determined are established by such will. As the relief sought is the appointment of a trustee, and the necessity for such appointment requires the construction of the will as an incident to the relief sought for, the complainant is properly here.

The pertinent part of the will is the second clause, which reads as follows:

"I do devise that all my property and bonds and morgages be put in a trust, and the income be devided equally between my brother, Biddle Hiles, and sister, Caroline Garrison, and my wife, as long as she remains my widow, in case of her marring or deth her share to gowe to my brother Biddle Hiles, and my sister Caroline Garrison."

The testator died possessed of considerable estate, the personal having been appraised at the sum of $54,039.88. His real property consisted of an undivided interest in certain real estate in the county of Salem, in this state, such interest being estimated by the parties in interest at something over $20,000. At the time of his death the only next of kin of the testator was his brother, Biddle, and his sister, Caroline. The will was prepared by the testator, and does not clearly express his desires, and the purpose of this cause is to ascertain whether a trust has been established by the terms of such will, and if so, that a trustee be appointed to carry out such trust.

While this will is very inartistically drawn, I think the clear intention of the testator was to create a trust, by the terms of which the income of his estate was to be divided equally between his widow, brother and sister, and that this trust shall continue as long as his widow lives or remains unmarried, and on the happening of either of such events the trust terminates.

As the testator has made no disposition of the *corpus* of the fund after the expiration of the trust estate, he died intestate as to the residue of his property, and it will go to his next of kin. That the testator named no trustee will not prevent the execution of the trust, for the court will always appoint a trustee wherever necessary to sustain the trust, and a trustee will be appointed. The will contains no power of sale, and therefore the trustee cannot dispose of the land by virtue of any authority contained in the will. It is, in my judgment, however, included in the trust, and subject to that will vest in the heirs-at-law of the testator.

I will advise a decree in accordance with the above.